## MARTÍNEZ *v.* SANTIAGO.

APPEAL from a Decision of the District Court of San Juan.

No. 104.—Decided March 6, 1906.

APPEAL—DECISION ON A CONTESTED MOTION—BILL OF EXCEPTIONS.—A decision on a contested motion is deemed to have been excepted to by operation of law provided such decision and the papers upon which it is made are made a part of the record.

APPEAL—SPECIAL ORDER.—An order declaring a deposit to have been properly made and directing that the obligation to which the litigated credit refers be cancelled and which credit has been assigned after judgment in favor of the creditor, is a special order issued after a final judgment and is therefore appealable according to subdivision 3 of section 295 of the Code of Civil Procedure.

TRANSFER OF CREDITS—RIGHTS OF THE DEBTOR.—When a litigated credit is sold, the debtor shall have the right to extinguish the same by reimbursing the assignee for the amount the latter paid for it, the judicial costs incurred by him, and the interest on the amount paid from the day on which the same was paid.

ID.—DEPOSIT—CANCELLATION OF THE OBLIGATION.—In the case of the assignment of a thing in action, the suit of the assignee is understood to be without prejudice to the rights of third persons and until the rights of the latter are settled, the action of the assignee will be deemed to be suspended until he is declared subrogated to the rights of the assignor and from this time

the rights of the assignor accrue and therefore, a tender of payment, and the deposit of the amount of the debt, made by the debtor within nine days after the assignee has been declared subrogated to the rights of the assignor, is valid and effective in accordance with section 1438 of the Civil Code and the obligation will be cancelled.

ID.—The mere entering of an appearance by the assignee in the action, in those cases in which a third party contests the claims of the debtor, is not sufficient to deem the action of the assignee as having accrued, because the rights of the assignee are subject to the judicial decision and this might be adverse to him.

The facts are stated in the opinion.

*Mr. José de Guzmán Benítez* for appellant.

*Messrs. Acuña and Méndez* for respondent.

MR. JUSTICE FIGUERAS delivered the opinion of the court.

Fausta Domínguez brought an action against José Pilar de Santiago for the recovery of a sum of money  The plaintiff obtained a judgment in her favor, and later assigned her claim to José Martínez Dávila.

The debtor, José Pilar de Santiago, sought to reimburse the assignee for the price he had paid, the costs, and the interest, in accordance with the provisions of section 1438 of the Revised Civil Code, but the assignee refused the amount tendered; for which reason the debtor deposited the amount in the District Court of San Juan.

The assignee opposed the acceptance of the consignation (sec. 1148, Rev. Civil Code) by the following motion:

"José de Guzmán Benítez, counsel for José Martínez Dávila, appears in these proceedings, which involve the paying of money into court, and opposes the deposit on the following grounds:

"1. Because the tender which must be made before the consignation was made, as shown therein, on the 14th instant; that is to say, twenty days after my client appeared as the assignee of Fausta Domínguez against the petitioner.

"The third paragraph of section 1438 of the Civil Code provides that a debtor may extinguish a litigated debt by making payment to the assignee in the manner therein prescribed, and that he may make use of this right within nine days counted from the day on which the assignee demands payment of him; and as the litigation between Fausta Domínguez and the petitioner Santiago is for the

recovery of a debt, it is evident that the assignee, in appearing in this litigation as the substitute of Fausta, does nothing more than to continue the prosecution of the claim, the subject of the litigation as subrogated, to the capacity and right of action of the assignor; hence it is clear and evident that from the moment the assignee appears in such capacity he demands *ipso facto* the payment of what has passed to him.

"The allegation of the petitioner, that in these cases the claim must be considered as existing from the date the court holds the assignee to be subrogated to the rights of the assignor, has no foundation whatsoever, because the power of the court to accept the subrogation is purely formal, is a matter of procedure, and can in no wise affect an assignment duly made and notified, or delay the enforcement of such a claim.

"2. Because by the tender of payment and the consignation the assignee is not offered all that he should receive under said section 1438; that is to say, the price paid the assignor, $300, interest thereon from the date of the sale, and the costs incurred. which include the fees of counsel.

"Justly and logically construed, said section refers to costs in general, both those paid by the assignor and those defrayed by the assignee, as the assignment includes not only the amount of the debt, but also its accessory and appurtenant rights, according to section 1431 of the Civil Çode. And the first clause of the assignment contract does not say what the petitioner alleges in his petition, undoubtedly through error, that 'he has made this assignment for the price of $300 which he has received prior hereto from the hands of the assignor, and receipt of which he acknowledges;' but it explicitly says that he assigns the credit with all 'his present and future rights,' etc., which rights undoubtedly include that of recovering the costs; and with more justice when the assignee privately agreed with the assignor that he would pay the fees of counsel, as he did, and he should therefore be compensated for this expense. It is true that this obligation does not appear in the instrument of assignment; but this does not mean that the petitioner is not obliged to pay the costs, because such costs have been assigned by the instrument; and it is of no concern to the petitioner whether they were assigned with a surcharge, as they have been, without its being necessary to mention it in the assignment, or whether the assignment was free therefrom.

"For the reasons alleged, I pray the court to hold that the consignation should not be received, in the first place, because it was not made in due time; and in the second, because it is incomplete and

invalid as it does not conform to law.—San Juan, P. R., September 20, 1905.''

The judge of the District Court of San Juan rendered the following decision:

''This case having come on to be heard, counsel for José Pilar Santiago and José Martínez Dávila appeared and argued the motion opposing the consignation made by José Pilar Santiago. And the court, after hearing the arguments and having examined the case, holds that the consignation was duly made and that it conforms to the provisions of sections 1141 *et seq.*, and 1438 of the Civil Code; and, on motion of the debtor, orders the obligation cancelled.—September 26, 1905.''

José Martínez Dávila, as the assignee of Fausta Domínguez, took an appeal from this decision, and at the hearing in this Supreme Court alleged that he prosecuted the appeal only on the ground that the payment of the litigated debt had been made after the expiration of the nine days counted from the date the assignee had made his demand for payment; that is to say, from the day of his appearance in the action.

The respondent, José Pilar de Santiago, opposed the appeal orally at the hearing, on the following grounds:

First. Because there is no bill of exceptions and the allegations of the appellant cannot be considered.

Second. Because the order appealed from is not appealable.

Third. Because in any case the payment of the litigated debt was made in due time, and therefore, the consignation was duly made, as held by the judge of the District Court of San Juan.

We shall first take up the first two grounds of form upon which the respondent bases his opposition to the appeal.

In this case the record on appeal consists of the final judgment rendered in the action for the recovery of a sum of money, the notice of appearance of the assignee, the motion opposing the consignation, the decision rendered after such

motion had been argued by both parties and the notice of appeal.

The question involved here is the decision on a contested motion, and such decision is deemed to have been excepted to by operation of law, provided such decision and the papers upon which it is made are made a part of the records and files in the action and need not be embodied in a bill of exceptions. (Sec. 213 of the Code of Civil Procedure.)

The lack of this requisite in this case does not prevent us from considering and deciding the appeal taken.

The decision appealed from is a special order made after a final judgment.

Whether or not an appeal lies from an order must be determined by the extent of its effects. The order appealed from not only holds that a consignation was duly made, but goes to the extent of directing the cancellation of the obligation to which the litigated and assigned credit refers.

It is therefore appealable on account of the importance of the rights it determines.

Let us now consider the main issue.

Section 1438 of the Revised Civil Code provides:

"When a litigated credit is sold, the debtor shall have the right to extinguish the same by reimbursing the assignee for the price the latter paid for it, the judicial costs incurred by him, and the interest on the price from the day on which the same was paid.

"A credit shall be considered as litigated from the day the suit relating to the same has been answered.

"The debtor may make use of his right within nine days from the day the assignee should demand payment of him."

Section 52 of the Code of Civil Procedure provides as follows:

"In the case of the assignment of a thing in action, the action of the assignee is without prejudice to any set-off or other defense existing at the time of, or before, notice of the assignment; but this section does not apply to a negotiable instrument, transferred in good faith and upon a valuable consideration, before maturity."

An action is commenced when the complaint is filed. (Sec. 38 of the Code of Civil Procedure.)

In this case final judgment had already been rendered in the action when the litigated credit was assigned, and then we must consider that the action of the assignee commenced when he entered an appearance in the action.

But the exercise of this action is, as we have seen, without prejudice to any defense, and in this case there was a defense made, as acknowledged by the appellant at the hearing; therefore, the exercise of this action was stayed until the judge held the assignee to be subrogated to the rights of the assignor, September 9, 1905, because the action for recovery began to produce its effects from that date, and if the tender, which must precede the consignation, was made on the 14th of said month of September, it is evident that the debtor availed himself of his right to reimburse the assignee-creditor within the nine days fixed in section 1438 of the Civil Code referred to.

This construction is reasonable and logical, because no legal value could be given to the mere appearance of the assignee the moment that the debtor having set up a defense the right of the former became subject to a judicial decision which might have been adverse in every respect to the right he claimed.

So that the payment was tendered with the legal term. The consignation was duly made. The cancellation of the obligation follows because the debtor has requested it. (Sec. 1148 of the Revised Civil Code.)

For the reasons stated, the order of the district judge of San Juan, of September 26th of last year, should be affirmed, with the costs of the appeal against the appellant.

*Affirmed.*

Chief Justice Quiñones, and Justices Hernández, MacLeary and Wolf concurred.